IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY NORMAN COFFIELD, | § | |
| TDCJ #1056288, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3037 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

State inmate Anthony Norman Coffield has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 to challenge a state court felony conviction. The respondent's answer is not yet due. The petitioner has now also filed a motion asking the Court to order the respondent to provide him with copies of his trial, appellate, and post-conviction records. (Docket Entry No. 7). The Court construes the motion as a request for discovery. The petitioner's motion will be denied for reasons that follow.

Under the federal rules, discovery takes place only after the opposing party has filed a response. Further, discovery is limited in habeas corpus proceedings. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). "Good cause" may be found when a petition for a writ of habeas corpus

"establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994), *cert. denied*, 513 U.S. 1192 (1995).

In this case, the petitioner merely avers in general that the requested records are "relevant" to his federal habeas corpus proceeding. This conclusory request falls far short of the showing of good cause necessary to permit discovery under Rule 6. Accordingly, the petitioner's motion for discovery (Docket Entry No. 7) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **September 30, 2005.**

_____
Nancy F. Atlas
United States District Judge