IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY NORMAN COFFIELD, <br> TDCJ #1056288, <br><br> Petitioner, <br><br> v. <br><br> DOUG DRETKE, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-05-3037 |

## ORDER

State inmate Anthony Norman Coffield has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254. The respondent has filed a motion for an extension of time, up to and including January 19, 2006, in which to answer. (Docket Entry No. 10). It is **ORDERED** that the respondent's motion for an extension of time to answer (Docket Entry No. 10) is **GRANTED**.

In addition, the petitioner requests a stay so that he can exhaust a claim of actual innocence contained in his petition. (Docket Entry Nos. 11, 12). The federal habeas corpus petition filed by Coffield indicates that he has already presented his actual innocence claim on state habeas corpus review. (Docket Entry No. 1, at ¶ 11). In his request for a stay, Coffield contends that he has recently re-submitted his claim of actual innocence to the Texas courts by filing a motion pursuant to Article 40.001 of the Texas Code of Criminal Procedure based on unspecified "newly discovered evidence."

This Court has the discretion to either abate or dismiss a federal habeas action pending resolution of state habeas proceedings. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). In that respect, the United States Supreme Court has recently decided that the federal habeas corpus statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), do not deprive district courts of the authority to issue a stay where a stay would be a proper exercise of discretion. *See Rhines v. Weber*, — U.S. —, 125 S. Ct. 1528 (2005). In *Rhines* the Supreme Court held that stay and abeyance of a mixed petition (a petition containing both exhausted and unexhausted claims) to allow a petitioner to present the unexhausted claims to the state court in the first instance and then to return to federal court for review of the perfected petition is proper only in limited circumstances when the district court finds that: (1) there was good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay. *See id.* at 1535.

Because Coffield's actual innocence claim was reportedly presented on state habeas corpus review, it is not clear that the claim is unexhausted or that his petition is mixed. Assuming that the claim is unexhausted, Coffield fails to articulate any explanation for his failure to exhaust, and he makes no effort to demonstrate a potentially meritorious claim. Under these circumstances, a stay is not warranted. *See id.*; *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (declining to grant a stay absent a showing of good cause and a meritorious claim). Therefore, it is **ORDERED** that the petitioner's request for a stay (Docket Entry Nos. 11, 12) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **December 7, 2005**.

_____
Nancy F. Atlas
United States District Judge