IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY NORMAN COFFIELD, | § | |
| TDCJ #105628, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3037 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

State inmate Anthony Norman Coffield has filed a petition for a federal writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. (Doc. #1). The respondent has answered with a motion for summary judgment. (Doc. #25). Coffield has filed a reply along with a cross-motion to "dismiss" the respondent's answer. (Doc. #28). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion for summary judgment and dismisses this case for reasons set forth below.

## I.    BACKGROUND

A grand jury in Harris County, Texas, returned a felony indictment against Coffield in cause number 851125, charging him with burglary of a habitation with intent to commit

---

[1]    On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

theft.  The State enhanced that indictment for purposes of punishment with allegations that Coffield had at least two prior felony convictions for possession of a controlled substance and delivery of a controlled substance.

At trial, the victim positively identified Coffield as the man who broke into her apartment on June 14, 2000, and described how he attempted to smother her with a cushion before stealing her purse.  (Court Reporter's Record, vol. 4, at 83-97).  Based on the victim's description, the police were able to prepare a composite sketch of the perpetrator, later identified as Coffield, who was suspected in a string of apartment complex burglaries in the area.  (*See id.*, vol. 4, at 45, 55).  A jury in the 337th Judicial District Court of Harris County found Coffield guilty as charged.  After Coffield conceded that the enhancement allegations were true, the trial court sentenced him to serve forty years in prison.

On direct appeal, Coffield argued that the prosecutor asked improper questions during *voir dire* and engaged in improper argument before the jury during summation.  Coffield argued further that the trial court erred by overruling a challenge for cause.  An intermediate court of appeals rejected each claim and affirmed the conviction in an unpublished opinion. *See Coffield v. State*, No. 14-01-00959-CR (Tex. App. — Houston [14th Dist.] October 17, 2002).  Subsequently, the Texas Court of Criminal Appeals refused Coffield's petition for discretionary review on April 23, 2003.  *See Coffield v. State*, PDR No. 1969-02.

Nearly a year later, Coffield filed a state habeas corpus application on April 8, 2004. In that application, Coffield raised three claims for relief: (1) the State failed to disclose "exculpatory, impeachment, and mitigating evidence" relevant to the defense of mistaken

identity; (2) he was denied effective assistance of counsel; and (3) "newly discovered evidence" established that he was actually innocent of the offense. The state habeas corpus court, which also presided over Coffield's trial, issued findings of fact and concluded that habeas corpus relief should be denied. The Texas Court of Criminal Appeals agreed and denied habeas corpus relief without a written order on the findings made by the trial court. *See Ex parte Coffield*, No. 58,993-01 (Aug. 25, 2004).

Coffield now seeks a federal writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254. The petition was executed on August 19, 2005.[2] Although he includes factual allegations that were not raised in state court, Coffield raises the same claims that he presented at the state court level. The respondent has filed a motion for summary judgment in response, arguing that Coffield's petition is barred by the governing one-year statute of limitations. Coffield disagrees. The parties' contentions are discussed below under the governing standard of review.

## II.   STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[2]     Although the Clerk's Office recorded the petition as filed on August 29, 2005, Coffield executed the petition on August 19, 2005, indicating that he placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

3

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted).  All facts and inferences are viewed "in the light most favorable to the nonmoving party[.]" *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citation omitted). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (citation omitted).  "A fact issue is material if its resolution could affect the outcome of the action." *Id.* (citation omitted).

The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir.

4

1996)).   Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local

rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a

summary judgment motion.  *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir.

1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999)

(unpublished table opinion) ("Although the pleadings filed by *pro se* parties are held to 'less

stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still

comply with the rules of procedure and make arguments capable of withstanding summary

judgment.").

## III.   STATUTE OF LIMITATIONS

The respondent maintains that Coffield's petition is barred by the governing one-year

statute of limitations.  According to the Antiterrorism and Effective Death Penalty Act (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C.

§ 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year

limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Coffield challenges a state court judgment in this instance.  Therefore, the statute of

limitations for federal habeas corpus review began to run pursuant to 28 U.S.C.

§ 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."  After Coffield's conviction

was affirmed on direct appeal, the Texas Court of Criminal Appeals refused Coffield's

5

petition for discretionary review on April 23, 2003.  *See Coffield v. State*, PDR No. 1969-02.

Although Coffield did not file a petition for a writ of certiorari with the United States

Supreme Court, his time to do so expired ninety days later on or about July 22, 2003.  That

date triggered the statute of limitations, which expired one year later on July 22, 2004.

Coffield's federal habeas corpus petition, executed by him on August 19, 2005, is late by

more than a year (393 days) and is therefore time-barred unless an exception applies.

    **A.**    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application

for state habeas corpus or other collateral review is pending shall not be counted toward the

limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  As noted above, Coffield filed

a state habeas corpus application on April 8, 2004, which the Texas Court of Criminal

Appeals denied on August 25, 2004.  *See Ex parte Coffield*, No. 58,993-01.  This application

tolls the statute of limitations for only 139 days, which is not enough to make the federal

petition timely.

Coffield presents no other basis for statutory tolling, and the record fails to disclose

any.  In that regard, Coffield has not alleged that he was subject to state action that impeded

him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further,

there is no showing of a newly recognized constitutional right upon which the petition is

based; nor is there a factual predicate for the claims that could not have been discovered

previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C),

(D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

B.     **Equitable Tolling**

The statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The record reflects that the state intermediate court of appeals affirmed Coffield's conviction on October 17, 2002. Thereafter, the Texas Court of Criminal Appeals refused Coffield's petition for discretionary review on April 23, 2003. Coffield waited almost a year to file his state application for a writ of habeas corpus on April 8, 2004. After the Texas Court of Criminal Appeals denied state habeas corpus relief on August 25, 2004, Coffield waited another year to execute and file his federal habeas corpus petition on August 19, 2005. It is well established in this circuit that equitable tolling is not available where, as

7

here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Coffield concedes that his federal habeas corpus petition is untimely. In response to the motion for summary judgment, Coffield argues that he is entitled to equitable tolling because he is a *pro se* litigant who lacked a copy of his state court records. (Doc. #28, at 6). Coffield insists that equitable tolling is warranted because he has diligently sought copies of his state court records. Coffield alleges in general that, without a copy of his state court records, he was unable to assert his rights in a timely manner.

In support of Coffield's contention that he diligently sought copies of his state court records, he presents three exhibits: (1) a motion dated May 9, 2002, requesting a copy of Coffield's state court records, which was denied by the trial court on May 28, 2002; (2) a petition for a writ of mandamus filed by Coffield with the intermediate court of appeals on May 4, 2001, which was denied on May 17, 2001, *In re Coffield*, No. 14-01-00454-CV (Tex. App. — Houston, May 17, 2001); and (3) an form letter rejecting an unspecified request for records from the City of Houston Police Department. (Doc. #28, Exhibits A, B, C).

These exhibits show that Coffield made two attempts to obtain copies of his state court records in May of 2001, and again in May of 2002, and that he made one other attempt to obtain records from the Houston Police Department in February of 2003.[3] Coffield

---

[3]     A copy of Coffield's Freedom of Information Act request to the Houston Police Department is found in the state habeas records attached to the petition. That letter is dated February 28, 2003. *See Ex parte Coffield*, No. 58,993-01 at 41-42.

delayed filing his state habeas corpus application until April of 2004.  After the state court denied that application on August 25, 2004, Coffield further delayed filing his federal petition until August 19, 2005.  Coffield's isolated attempts to obtain records are not sufficient to demonstrate that he acted with the level of diligence required to warrant equitable tolling.  More importantly, Coffield fails to describe the requested records with particularity, to state with specificity what the records would have shown, or to otherwise demonstrate how lack of access to these records prevented him from filing a timely petition.

A habeas corpus petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim.  *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).  Lack of access to state court records by an inmate does not present an "exceptional circumstance" that would warrant equitable tolling.  *See Roughley v. Cockrell*, 2002 WL 1899622 (5th Cir. July 12, 2002) (No. 01-11378) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 2000 WL 1029201 (5th Cir. July 14, 2000) (No. 99-40878) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

Coffield's argument that his delay should be excused for lack of records is really an argument that equitable tolling is warranted because of his status as a *pro se* prisoner.  It is well settled in the Fifth Circuit that equitable tolling is not warranted merely because a

9

petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Although Coffield proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court notes that Coffield's petition contains a claim that he is actually innocent. The Fifth Circuit has noted that claims of actual innocence generally are not a "rare and exceptional circumstance" that justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent.  *Felder v. Johnson*, 204 F.3d 168 at 171.  The state habeas corpus court rejected Coffield's claim of actual innocence, finding that he failed to provide "any newly discovered evidence that unquestionably establishes by a clear and convincing standard that no reasonable juror would have convicted him."  *Ex parte Coffield*, No. 58,993-01 at 72.  Coffield does not present evidence of a clear and

10

convincing character that would refute this fact finding, which is entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). In that regard, the exhibits that Coffield presents in support of that claim are more inculpatory than exculpatory.[4] Because Coffield has not shown himself to be actually innocent, he presents nothing that would excuse his failure to pursue federal habeas corpus relief in a timely manner.

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[5] *See Felder*, 204 F.3d at 173. The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."

---

[4]   The exhibits include a *Houston Chronicle* article detailing an investigation of at least eight burglaries committed at apartment complexes from April 2000, to June 14, 2000. There is a statement of facts from Coffield's trial, describing the underlying burglary of a habitation and the victim's identification of Coffield as the perpetrator. There are also pleadings from a civil suit filed by another victim against her apartment complex firm and Coffield, stemming from a related burglary that was allegedly committed by Coffield. The victim in that case reportedly identified Coffield as the perpetrator, although Coffield was not charged with that offense. In addition, there is an affidavit from an individual named Jewel Boult who noted that, in her opinion, the police department's composite sketch of the burglary suspect did not look like Coffield. This evidence falls far short of the standard of proof needed to make a claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390 (1993); *see also House v. Bell*, — U.S. —, 126 S. Ct. 2064, 2086-87 (2006) (finding that the petitioner fell short of the threshold showing necessary to make a claim of actual innocence under *Herrera*).

[5]   Coffield's claims were raised and rejected, however, on state habeas corpus review by the same judge who presided over the trial. The respondent argues, in the alternative, that the petition is without merit because many of the factual allegations contained in the federal petition differ from those presented on state habeas review and are now barred by the doctrine of procedural default. The respondent argues further that, for those claims that are exhausted, Coffield fails to demonstrate that relief is warranted under the governing federal habeas corpus statute found at 28 U.S.C. § 2254(d). In his response to the summary judgment motion, Coffield does not seriously contest these arguments. Although the Court does not reach the merits in this instance, the respondent's arguments appear well taken.

*Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the petition is barred by the applicable one-year limitations period and that the respondent is entitled to summary judgment on this issue.

**IV.**   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim.   Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

## V.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Doc. #25) is **GRANTED**.

2.     The petitioner's motion to "dismiss" the respondent's answer (Doc. #28) is **DENIED**.

3.     The petition for a federal writ of habeas corpus (Doc. #1) is **DENIED**, and this case is **DISMISSED** with prejudice as barred by the statute of limitations.

4.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 29, 2006.**


_____
Nancy F. Atlas
United States District Judge